United States District Court
Southern District of Texas
**ENTERED**
February 18, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| CASSANDRA BENTON, *Plaintiff*, | § § § | |
| v. | § § | CIVIL ACTION NO. 4:24-CV-111 |
| TEXAS DEPTARTMENT OF CRIMINAL JUSTICE, *Defendants*. | § § § § | |

## ORDER

Pending before the Court is Defendant Texas Department of Criminal Justice's ("TDCJ") Rule 12(b)(6) Motion to Dismiss. (Doc. No. 28). Plaintiff filed a responsive motion in opposition to dismissal. (Doc. No. 33). Also before the Court is Plaintiffs' Motion to Release or Transfer her case to Walker County Civil Court. (Doc. No. 36). Upon consideration of the law and the arguments, the Court hereby **GRANTS** the Motion to Dismiss without prejudice to allow Plaintiff to refile her state law claims in the Walker County court. (Doc. No. 28). Further, the Motion to Release or Transfer Plaintiff's Case is **DENIED** as moot. (Doc. No. 34).

Plaintiff's Complaint, though at times difficult to parse, seems to allege that she was improperly fired from her job at the TDCJ's Huntsville, Texas location. (Doc. No. 24). Plaintiff also contends that TDCJ improperly dealt with signs of alleged dementia exhibited by Plaintiff's supervisor, and that Plaintiff was dismissed from her job as a result. (*Id.*). Plaintiff alleges that this dismissal violated her First, Sixth, and Fourteenth Amendment rights. (*Id.*). Plaintiff also filed a motion requesting that the Court order two other employees of TDCJ, who are not parties to this suit, to undergo psychological and cognitive evaluations. (Doc. No. 19). Finally, Plaintiff has also made allegations that TDCJ was "grossly negligent" in its handling of her complaints and dismissal. (Doc. No. 33 at 1). TDCJ filed a Rule 12(b)(6) motion to dismiss arguing, among other

things, that the suit is barred by the Eleventh Amendment's sovereign immunity, that Plaintiff has no standing, and that she has not plead any valid claim. (Doc. No. 28 at 4–9).

While Plaintiff did file a "Motion for this case not to be dismissed," (Doc. No. 33), the responsive motion does not address the jurisdictional challenges raised by the TDCJ. Instead, Plaintiff filed a motion asking for the Court to release/transfer the case to Walker County Court at Law. (Doc. No. 34). In this Motion, Plaintiff notes that "the federal question is now not allowing the Gross Negligence" claims, "due to a lack of subject matter [jurisdiction]," and that "the Cognitive Disorder concerns in the workplace is not showing a violation of the 14th Amendment. . . ." (*Id.* at 1). Finally, because "the decision is showing an outcome of a Dismissal," Plaintiff asks the Court to transfer the case to Walker County for her state claims to proceed. (*Id.*).

The Court does not have the authority to transfer the case to the Walker County Court of Law. Nevertheless, due to the jurisdictional concerns that Plaintiff failed to address, the Court will construe Plaintiff's motion as a voluntary dismissal of her federal claims. Therefore, Plaintiff's Amended Complaint is dismissed without prejudice, allowing Plaintiffs to refile in the state court with appropriate venue. The statute of limitations is always a concern, but one may note that Texas law tolls the limitations period between the date of filing in federal court and the date of refiling in state court, if Plaintiff refiles in state court within 60 days of this dismissal. *See* TEX. CIV. PRAC. & REM. CODE § 16.064. The TDCJ's motion to dismiss, (Doc. No. 28), is hereby **GRANTED**, and Plaintiff's claims are dismissed without prejudice to allow for refiling in state court.[1] All other motions are denied as moot.

SIGNED this 18 day of February, 2025.

Andrew S. Hanen
United States District Judge

---

[1] As Plaintiff's address is in Normangee, Texas, she may consider reaching out to Lone Star Legal Aid, which provides pro bono legal services to residents of Leon and Madison Counties.

2